UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOKDINH SAYASACK,

    Petitioner,

v.

F. E. FIGUEROA,

    Respondent.

Case No. C08-5102FDB/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:
APRIL 4, 2008**

This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner is challenging a 1995 conviction and sentence for first degree murder. He was sentenced to life without parole. He has previously filed a direct appeal and a Federal Habeas Corpus. See proposed petition (Dkt # 4). The prior Federal Habeas Petition, filed in this court, dismissed his claims with prejudice. Sayasack v Morgan, 00-CV-5117RJB.

The court has reviewed the petition and the Washington State Supreme Court order denying Mr. Sayasacks most recent attempts to collaterally challenge his conviction and sentence (Dkt # 4, attached order dismissing personal restraint petition dated January 11, 2007). This court concurs that this matter is time barred. The court also recognizes this petition as second or successive. The

REPORT AND RECOMMENDATION
Page - 1

court concludes this is a second or successive petition and should be transferred to the Ninth Circuit.

## DISCUSSION

Ninth Circuit Rule 22-3 (a) states:

(a) **Application**. Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, **the district court shall refer it to the court of appeals.**

(Emphasis added).

By his own admission the petitioner is filing a second petition. This case must be transferred to the Ninth Circuit.

## CONCLUSION

Based on the foregoing discussion, the Court should transfer this matter as a second or successive petition and administratively close the file.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 4, 2008**, as noted in the caption.

DATED this 11 day of March, 2008.

                                                         */S/ J. Kelley Arnold*
                                                         J. Kelley Arnold
                                                         United States Magistrate Judge